UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**WILLIS LATROY GOSSETT**                                                                **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 5:18-CV-P99-TBR**

**OFFICER DAVID THOMAS**                                                 **DEFENDANT**

## **MEMORANDUM OPINION**

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Willis Latroy Gossett leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

### **I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at the Fulton County Detention Center (FCDC). He brings this action against Fulton County Deputy Sheriff David Thomas in his official capacity.

Plaintiff alleges that on October 9, 2010, he was walking down a street in Fulton, Kentucky when Defendant Thomas "turn[ed] on his blue lights and pull[ed] behind [a] vehicle." Plaintiff alleges that Defendant Thomas told him that he had been following the vehicle for "15 mins." Plaintiff states that Defendant Thomas then asked him "what he was doing in Fulton selling drugs and if I knew the individual that was in the vehicle." Plaintiff continues:

> When I said no, he ask why was I approaching the vehicle, when I said I was not approaching the vehicle, then [Defendant] Thomas ask if he could search me and when I ask him why and refused and stated that I hadn't done anything wrong. At this point [Defendant] Thomas intimidated me with the power of authority and threaten to call for back-up and a drug dog if I did not agree to a search, with the intimidation of [Defendant] Thomas + being illegally detained and threaten I reluctantly agreed to a search incriminating myself under the influence of Intimidation of Authority in which I feel that was a violation of the 4th Amendment

of the Constitution of unduly prolonged detention while waiting arrival of a drug sniffing canine.

Plaintiff then writes that he believes his rights were violated on October 9, 2010, because Defendant Thomas "profile me as a drug dealer" and "illegally search + seize evidence that would incriminate me." Plaintiff also claims that his rights were violated because he "was not the intended target, but was detained before the suspect that [Defendant Thomas] had followed for 15 mins" and because Plaintiff "was not approaching the vehicle nor did [he] know the individual that was in the vehicle it was a corner that we happen to approach at the same time."

As relief, Plaintiff seeks monetary damages and "relief of my charges and clear my record."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff claims that Defendant Thomas violated his rights on October 9, 2010, by illegally searching and seizing him in violation of the Fourth Amendment. Section 1983 does not provide its own statute of limitations, so federal courts "borrow" the limitations period for personal injury actions from the state where the events occurred. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985). For constitutional torts committed in Kentucky, the one-year limitation period under K.R.S. § 413.140(1)(a) for bringing general personal injury actions applies. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181-82 (6th Cir. 1990). Federal law, on the other hand, governs when the statute of limitations for a § 1983 begins to run. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). And federal courts have held that the "statute of limitations begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Cooey v. Strickland,* 479 F.3d 412, 416 (6th Cir. 2007); *see also Sevier*, 742 F.2d at 273. Thus, with regard to § 1983 claims based upon an allegedly unconstitutional arrest, the Supreme Court has held that the statute of limitations begins to run on the date the plaintiff is detained. *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *see also Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) (applying *Wallace* to hold that arrestee-plaintiff's claims against arresting officer and others, alleging arrest without probable cause and excessive force in violation of the Fourth Amendment, and state law claims for false arrest, false imprisonment, and assault and battery, accrued, for limitations purposes, on date of arrest, and were barred by Kentucky's one-year statute of limitations); *Harrison v. Back*, No. 6:16-CV-63-

4

KKC, 2016 U.S. Dist. LEXIS 53882 (E.D. Ky. Apr. 21, 2016) (dismissing Fourth Amendment unreasonable search and seizure claim as barred by Kentucky's one-year statute of limitations).

Here, Plaintiff knew, or should have known, about the facts underlying his constitutional claims on October 9, 2010, the date of his allegedly unlawful search and arrest. Thus, to satisfy Kentucky's one-year statute of limitations application to § 1983 actions, Plaintiff should have filed this § 1983 action asserting claims under the Fourth Amendment no later than October 9, 2011. Plaintiff, however, did not initiate this action until June 2018, more than six years after the one-year statute of limitations had expired.

Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. *See, e.g.*, *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."). Thus, the Court will *sua sponte* dismiss this time-barred action as frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Finally, the Court notes that to the extent that Plaintiff seeks to have his record "cleared," expungement is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). Indeed, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination

that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: July 19, 2018

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendant
      Fulton County Attorney
4413.011